## Commonwealth ex rel. Gallagher v. Gallagher

*Robert E. Kunselman,* for relatrix.

*Samuel C. Holland, Jr.,* for defendant petitioner.

KLEIN, J., October 6, 1972.—Defendant, Bernard J. Gallagher, has filed a petition to vacate an order of $125 per month for the support of his wife, the relatrix. The basis for vacating the order for the support of the wife, Shirley Gallagher, is a decree of divorce entered by the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock on March 15, 1972. Mrs. Gallagher challenges the validity of the Idaho decree and that is the matter for our disposition.

Defendant submitted the Idaho divorce decree and rested. Relatrix then called defendant as a witness.

From the record and after hearing held on August 31, 1972, we make the following

### FINDINGS OF FACT

1. The herein order for support was made on May 27, 1971.

2. Sometime prior to October 1971, defendant learned from friends that a divorce may be readily obtained in Idaho.

3. In October or November of 1971, defendant corresponded with a lawyer in Idaho concerning the requirements for obtaining a divorce in that State and learned that a minimum of six-weeks residence was required.

4. Effective January 1, 1972, defendant commenced a 13-week vacation period from his regular full-time employment at Crucible Steel Company at Midland, Beaver County, Pa.

5. Defendant left Beaver County on January 3, 1972, and drove to Pocatello, Idaho, arriving on January 7, 1972.

6. On January 8, 1972, defendant retained a lawyer in Idaho to initiate a divorce action.

7. The divorce decree was entered on March 15, 1972, 67 days after defendant's arrival in Idaho.

8. Since the Idaho action could not properly be commenced until the forty-third day of residence, the divorce was obtained at the earliest possible date following defendant's arrival in Idaho.

9. On January 2, 1972, defendant's domicile was in Pennsylvania and said domicile has never been changed.

10. Defendant never intended to establish a permanent residence in Idaho and was never domiciled in Idaho.

11. While in Idaho, defendant lived in a room at the Yellowstone Hotel in Pocatello.

12. Defendant returned to his home in the Midland area and returned to work as scheduled on April 3, 1972, at the conclusion of his 13 weeks vacation.

13. Defendant never surrendered his Pennsylvania

driver's license and never applied for a driver's license in Idaho.

14. Defendant's actions in the herein premises was a fraud upon both the Idaho court and this court.

## DISCUSSION

"The general rule is stated in 12 P.L.E., Divorce, §201, at pages 415-19, as follows:

'When a divorce decree obtained in a sister state is entered by a court having jurisdiction of the subject matter and of the parties, such decree is, by force of the full faith and credit clause of the federal constitution, entitled to recognition by the courts of Pennsylvania. Where the foreign court did not have jurisdiction, recognition is not required.

" 'A foreign divorce decree is subject to collateral attack in Pennsylvania for want of jurisdiction or for fraud. . . .' ": Commonwealth ex rel. Reinbold v. Reinhold, 54 D. & C. 2d 543 (1972).

Defendant sought to establish the required "animus manendi," intention to remain, by testifying that when he went to Idaho he intended to remain there *if* he found a job; that he obtained a job as a bartender and worked only two weeks due to an injury. Considering defendant's testimony as a whole, we find the statement regarding his intention to remain in Idaho unbelievable and fully contradicted.

Once defendant offered the Idaho divorce decree, the burden was upon relatrix to prove that the Idaho court lacked jurisdiction: March Estate, 426 Pa. 364 (1967); Commonwealth v. Petrosky, 168 Pa. Superior Ct. 232 (1951). Said burden has been met. As the court stated in the Petrosky case, supra:

"The burden of showing by a preponderance of evidence that jurisdiction was in fact lacking—that defendant was not a bona fide domiciliary of the di-

vorcing state—can be met by showing that the libellant seeking recognition of an out-of-state divorce decree *went* to the divorcing state not to establish a *domicile* but to set up a *residence* so that he might secure a divorce." (Emphasis in original).

Absent an outright admission by defendant, it would be difficult to conceive a set of facts which would more certainly establish a lack of the necessary intention to change domiciles than we have in the instant matter. It presents the classic situation: Either an unsuccessful attempt to secure a divorce in Pennsylvania or, at least, an outstanding support order in favor of the wife; a trip to another State with relatively short "residence" requirements for divorce actions; a suit for divorce brought immediately after residence requirements have been met; and, a prompt departure from the divorcing State following the granting of the decree; living in a hotel room while in the divorcing State; failure to give up job "back home"; failure to surrender driver's license and apply for same in divorcing State.

We reiterate that defendant's efforts to frustrate relatrix meeting the burden of proof by establishing the animus manendi required for a change of domicile was lacking credibility. It was nothing more than an attempt so patently flimsy as to be without significance. It was a sham and a fraud upon the Idaho court.

Defendant cites the cases of March Estate and Petrosky, supra, in support of his position. Those cases are easily distinguishable.

In the March case, the following were the facts: March leased his Pennsylvania home to a tenant in February 1962; voluntarily surrendered his Pennsylvania real estate broker's license in March, 1962;

moved to Nevada in April 1962; divorce decree final on June 29, 1962; remained in Nevada until April 1963; lived in various other States including Florida and Arkansas; personal property tax return in 1964 indicated residence in Orlando, Florida; in 1965 return, Hot Springs, Arkansas listed as residence.

In the Petrosky case, defendant was transferred by his employer to the State of Indiana where he had lived for four years when the indictment for non-support was approved.

As the court said in the March case, while referring to and quoting from the case of Commonwealth ex rel. Esenwein v. Esenwein, 348 Pa. 455:

" 'His acts spoke louder than his words,' and that while testifying in the divorce case as to his intention to make Nevada his permanent residence 'he was misleading that court as to his domiciliary intent,' and 'the intention required for the acquisition of domicile, . . .'; a party must have his abode in one place, with intention of remaining there; and the elements of domicile are residence and animus manendi."

## CONCLUSIONS OF LAW

1. Defendant was domiciled in Beaver County, Pa., on January 2, 1972, and has not changed his domicile up to and including the present date.

2. The Idaho court did not have jurisdiction over the parties in connection with the hereinabove discussed divorce proceedings.

3. Defendant fraudulently induced the Idaho court to grant a divorce decree by his false allegation of Idaho residency in said proceedings, and sought to perpetrate a fraud in this court through the same divorce action.

## ORDER

And now, to wit, October 6, 1972, for the reasons

stated in the foregoing opinion, it is hereby ordered, adjudged and decreed that the petition to vacate the herein support order presented by defendant, Bernard J. Gallagher, is denied. Defendant to pay the costs.